IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

PRINCESS HAMILTON, o/b/o
JIREH S. JACKSON

          Plaintiff

    VS.

MICHAEL J. ASTRUE,
S.S. Commissioner,

        Defendant

NO. 5:07-CV-294 (CAR)

SOCIAL SECURITY APPEAL

# RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for child's supplemental security income benefits, finding that the claimant, plaintiff's great niece, was not disabled within the meaning of the Social Security Act and Regulations. On March 17, 2000, plaintiff PRINCESS HAMILTON filed an application on behalf of her niece JIREH S. JACKSON for child's supplemental security income (SSI) alleging a disability beginning on January 2, 2000. The application was denied on June 12, 2000 and no appeal was pursued. On September 26, 2000, plaintiff HAMILTON filed a second application for child's supplemental security income (SSI) on behalf of her niece. This claim was also denied initially and upon reconsideration. Thereafter, the plaintiff timely requested a hearing before an administrative law judge ("ALJ"). Following this hearing, the ALJ found in a decision dated February 22, 2002, that the plaintiff's niece was not disabled

Plaintiff appealed this decision to the Appeals Council. On February 24, 2004, the Appeals Council remanded the decision to the ALJ for further proceedings and a new decision. The second hearing was held on May 12, 2005. Afterwards, in a decision dated June 17, 2005, the ALJ once again denied the claim. The Appeals Council denied plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

On July 27, 2007, the plaintiff filed the instant action contending that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  Tab #1.  She has exhausted her administrative remedies, and this case is ripe for review.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).  The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris,* 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*  The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C.A. § 1382c(a)(3)(C)(i)(2000).

Therefore, eligibility depends upon the presence of "marked and severe functional limitations." *See Welfare Reform Act*, Tittle II, Subtitle B, §211(a)(4)(1996). A sequential evaluation process is used to determine if the child meets this statutory definition of disability. 20 C.F.R. § 416.924 et seq. Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity. If so, then the claim is denied. Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments that meet or equal a listed impairment. If not, then the claim is denied. The third step requires the ALJ to determine if the claimant's limitations functionally or medically equal one of the listings.

To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a).  A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i).   When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id.*  An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(I).

## DISCUSSION

The record reflects that the Claimant was thirteen (13) years old at the time of the Commissioner's decision in this matter.  As noted above, it is alleged that Claimant's condition began to severely affect her in September of 2000.  A review of the ALJ's findings reveal that the Claimant has unilateral hearing loss, a behavior disorder, and low average functioning academically.  Thus, the Claimant has a severe impairment as defined by 20 C.F.R. § 416.924(c). Ultimately, however, the ALJ found that Claimant's impairments did not meet or medically equal the severity of any impairment listed in Part B, or Part A, of Appendix 1 to Subpart P of of Part 404 of Chapter 20 of the Code of Federal Regulations.  Moreover, the ALJ determined that the Claimant did not have an "extreme" limitation in any domain of functioning, a "marked" limitation in two domains of functioning, or a combination of impairments functionally equal to the severity of the listings in 20 CFR §§ 416.924(d)(2) and 416.926a. As such, the ALJ concluded that the Claimant had not been under a "disability" at any time from the alleged onset date through the date of the decision.

In her appeal, the Claimant alleges that the ALJ improperly evaluated evidence regarding the claimant's limitations that resulted from her various conditions.  Specifically, the Claimant contends that (1) the ALJ improperly rejected the opinion of Dr. Donald Meck as it related to the quantity, type, and degree of her limitations, and (2) the ALJ improperly evaluated the Claimant's limitations by failing to explicitly consider the impact that special education services may have had upon her apparent limitations as required by 20 C.F.R. § 416.924a(b)(5)(iv).

20 C.F.R. § 416.924(d), the relevant regulation which deals with determinations of disability in children, states that to be found disabled:

> Your impairment(s) must meet, medically equal, or functionally equal the listings.
>
> > An impairment(s) causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings.
> >
> > (1) Therefore, if you have an impairment(s) that meets or medically equals the requirements of a listing or that functionally equals the listings, and that meets the duration requirement, we will find you disabled.
> >
> > (2) If your impairment(s) does not meet the duration requirement, or does not meet, medically equal, or functionally equal the listings, we will find that you are not disabled.

As stated *supra*, in determining whether a claimant's impairments functionally equal a listing, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

In making the above determination, and in situations where the child claimant is enrolled in special education courses, the ALJ's determination must be made in accordance with 20 C.F.R. § 416.924a(b)(5)(iv).  This regulation states:

> A structured or supportive setting may minimize signs and symptoms of your impairment(s) and help to improve your functioning while you are in it, but your signs, symptoms, and functional limitations may worsen outside this type of setting. **Therefore, we will consider your need for a structured setting and the degree of limitation in functioning you have or would have outside the structured setting. Even if you are able to function adequately in the structured or supportive setting, we must consider how you function in other settings and whether you would continue to function at an adequate level without the structured or supportive setting.** (emphasis added).

20 C.F.R. § 416.924a(b)(5)(iv).

In reviewing the ALJ's decision, there appears to be no mention or analysis of this regulation. While the ALJ acknowledges that the Claimant is eligible for special education services, it is not clear whether the ALJ determined the Claimant's ability to function and limitations in accordance with this regulation.  That is, based on the contents of the ALJ's written decision, it is unclear whether the ALJ, in determining the Claimant's limitations, considered the Claimant's ability to function without the benefit of these special services.

## CONCLUSION

For the reasons stated above, it appears that the ALJ's decision is legally inadequate.  As such, **IT IS RECOMMENDED** that this case be **REMANDED** to the Commissioner for further administrative action as set out above. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 13th day of March, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE