# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **PRINCESS HAMILTON, o.b.o**  **JIREH S. JACKSON**  Claimant,  v.  **MICHAEL J. ASTRUE,**  **Commissioner of Social Security,**  Respondent. | **Civil Action No.**  **5:07-CV-294 (CAR)**  Social Security Appeal |

## ORDER ON REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 14] that the present case be remanded to the Commissioner for further consideration. The Commissioner has filed an Objection to the Recommendation [Doc. 15]. Pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered the Commissioner's objections and has made a *de novo* review of the entire Record and all relevant briefs filed. Upon completion of this review, the Court accepts and adopts the recommendation of the Magistrate Judge.

In his Report and Recommendation, the Magistrate Judge determined that there was insufficient basis for determining whether the Administrative Law Judge (ALJ) acknowledged and fully considered the level of support that Claimant requires to function as well as she does in school. The Social Security Regulations in fact provide:

> A structured or supportive setting may minimize signs and symptoms of your impairment(s) and help to improve your functioning while you are in it, but your signs, symptoms, and functional limitations may worsen outside this type of setting.

> Therefore, **we will consider your need for a structured setting and the degree of limitation in functioning you have or would have outside the structured setting**. **Even if you are able to function adequately in the structured or supportive setting, we must consider how you function in other settings and whether you would continue to function at an adequate level without the structured or supportive setting**.

20 C.F.R. § 416.924a(b)(5)(iv) (emphasis added); see also 20 C.F.R. § 416. 924a (b)(7)(iv) ("[W]e will consider that good performance in a special education setting does not mean that you are functioning at the same level as other children your age who do not have impairments."). "This requirement . . . ensures that a child's special education placement, with its built-in safety nets, will not artificially inflate an assessment of that child's functional abilities." Marshall ex rel. Phillips v. Barnhart, 2003 WL 1720060 * 8 (N.D. Ill. March 31 ,2003) (unreported).

However, as the Commissioner contends, the regulations "do[] not command the ALJ to explicitly discuss his consideration of these factors in the decision." See Watson ex rel. K.L.W. v. Astrue, 2008 WL 3200240 *5 (W.D.N.Y. Aug. 5, 2008) (slip copy). Even so, the ALJ "must [still] consider how a child would function outside of a supportive setting" in reaching his ultimate determination. Id. Here, there is nothing in the administrative decision which would allow this Court to find that the ALJ considered Claimant's functional capacity both in and outside of a structured setting. The ALJ clearly noted that Claimant's word knowledge, reading comprehension, spelling, written expression, and math and reasoning knowledge were at assumably acceptable levels. The AJL likewise stated that Claimant received three B's and one C on a recent report card and that she also had satisfactory ratings for music, art, physical education, conduct, and work habits. However, the AJL makes no mention of the fact that Claimant receives special education services through a program for students with hearing impairments and a program for students with emotional and behavioral disorders; the AJL only very briefly notes that Claimant stated that

"accommodations were made in the classroom with regard to her hearing loss." Claimant apparently receives quite a bit of specialized and individualized attention at school which, in turn, allows her to perform at satisfactory academic levels. Evidence of this structured setting was providing in the Record and discussed at the hearing. Still, it is unclear, from reading the decision, to what extent these factors were considered by the ALJ. It is likewise unclear whether the ALJ considered that Claimant performed more poorly in school prior to being placed in programs or considered whether she would be able to continue to perform satisfactorily outside of the structured setting. Failure to consider such factors is grounds for remand. See Pollard ex rel. T.W. v. Astrue, 2008 WL 2813340 *14 (E.D. Mo. July 18, 2008) (slip copy) (remanding case where ALJ failed to consider the level to which the claimant could sustain her functional abilities outside of the structured educational settings provided by her school); Boykins v. Barnhart, Case No. 5:04-CV-117, *Report and Recommendation,* (M.D. Ga. March 9, 2005) (remanding case where AJL failed to take into account that Claimant was enrolled in special education classes due to his psychological condition); see also McClain v. Barnhart, 299 F. Supp.2d 309, 326 (S.D.N.Y. 2004) (noting error where the ALJ "ignore[d] the fact that [the claimant's] improvements occurred within the context of a small, structured, special education classroom").

Of course, the ALJ may have considered and for valid reasons determined that Claimant would have functioned adequately outside of her structured academic setting. "[B]ut as he did not address these matters, [this Court is] unable to determine whether any such rejection is based on substantial evidence. Initial determinations of fact and credibility are for the ALJ, and must be set out in the decision; [this Court] cannot speculate whether or why an ALJ rejected certain evidence." Id. (quoting Jones v. Chater, 65 F.3d 102, 104 (8th Cir.1995) (citation omitted)). In such cases,

"remand is necessary to fill this void in the [R]ecord." Id.

Accordingly, after careful consideration of the Record and all briefs filed, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and **MADE THE ORDER OF THE COURT**. This action is hereby **REMANDED** to the Commissioner for further consideration.

SO ORDERED this 28th day of April, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

jlr